Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Quentin Birch

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Quentin Birch,**<br><br>                              Plaintiff,<br><br>           v.<br><br>**Corbins, LLC,**<br><br>Defendant. | **Case #**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff  Quentin Birch,  by and through Elizabeth D. Tate, his  undersigned counsel of record, and submits this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

INTRODUCTION

1. This is an action for race discrimination, retaliation, hostile work environment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

1

2. Plaintiff Quentin Birch, a Black man and highly experienced journeyman electrician, was subjected to systemic race-based discrimination, denied promotions and pay increases given to less-qualified non-Black employees, disciplined more harshly than similarly situated white and Latino coworkers, retaliated against for opposing discrimination and reporting it to management and Human Resources, and ultimately forced out of his employment due to an intolerable and toxic work environment.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, Title VII, and 42 U.S.C. § 1981.

4. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Phoenix and Mesa, Arizona.

## III. PARTIES

5. Plaintiff Quentin Birch is a Black man and resident of Arizona with over twenty (20) years of experience as a journeyman electrician during the time in question.

6. Defendant Corbins, LLC,   is an Arizona employer with its principal place of business at 4829 S. 38th Street, Phoenix, Arizona 85040, and was Plaintiff's employer within the meaning of Title VII.

## IV. FACTUAL ALLEGATIONS

7. Defendant hired Plaintiff on December 18, 2022, through its hiring department.

2

8. Plaintiff had previously worked for Defendant for approximately six to seven months before December 2022.

9. Plaintiff was hired as a traveler journeyman electrician earning $34 per hour plus a $100 per day per diem.

10. Plaintiff worked on Defendant's Microsoft project in Phoenix and was later transferred to the Facebook project in Mesa, Arizona.

11. In June 2023, Foreman Larry White told Plaintiff his work was good and asked him to serve as a lead electrician but stated there would be no additional pay.

12. Defendant later promoted Brendon, a white electrician, to lead and gave him a $3 per hour raise, despite Plaintiff's greater experience.

13. In September 2023, Defendant promoted Sergio, a Latino employee and former apprentice, to lead with additional pay.

14. Plaintiff repeatedly requested a raise and promotion but was denied.

15. Defendant later awarded the QAQC position to Sonya, a Latina employee, with a raise, without considering Plaintiff.

16. Plaintiff overheard racist conversations among supervisors and coworkers and was subjected to racial stereotyping and unequal discipline.

17. Plaintiff complained to management and Human Resources about race discrimination and disparate treatment.

18. After complaining, Plaintiff was subjected to escalating discipline, harassment, and isolation, including harsher punishment than Latino coworkers for similar conduct.

3

19. Examples of this unfair harsher discipline included punishment for a parking lot violation that resulted in a three-day suspension for Plaintiff. Other non-Black employees who committed parking lot violations only received one-day suspensions.

20. On February 2, 2024, Defendant disciplined Plaintiff for disobeying a direct order concerning Plaintiff's hardhat which was untrue.

21. Defendant failed to investigate Plaintiff's complaints or discipline employees who engaged in racist conduct.

22. By March 2024, Defendant's conduct rendered Plaintiff's working conditions intolerable.

23. Plaintiff's physician diagnosed job-related stress and advised him not to return to Defendant's workplace.

24. Defendant accepted Plaintiff's resignation on May 20, 2024, backdating his term

25. Plaintiff lost approximately $24,000 in wages and more   as a result of Defendant's unlawful conduct.

V. CLAIMS FOR RELIEF

COUNTS I and II – Race Discrimination (Title VII and 42 U.S.C. § 1981)

26. Defendant discriminated against Plaintiff based on race by denying promotions, raises, and opportunities provided to non-Black employees and by imposing harsher discipline.

27. Defendant's discriminatory actions culminated in Plaintiff's constructive discharge, which constitutes adverse employment action under Title VII and 42 U.S.C. § 1981.

4

COUNTS III and IV – Retaliation (Title VII and 42 U.S.C. § 1981)

28. Plaintiff engaged in protected activity by opposing race discrimination and reporting it to management and Human Resources.

29. Defendant retaliated against Plaintiff by escalating discipline, denying opportunities, and creating intolerable working conditions that ultimately resulted in Plaintiff's constructive discharge.

COUNTS V and VII – Hostile Work Environment (Title VII and 42 U.S.C. § 1981)

30. Defendant subjected Plaintiff to severe or pervasive racial harassment that altered the terms and conditions of employment.

31. Defendant knowingly permitted working conditions so intolerable that a reasonable person would feel compelled to resign.

32. Plaintiff received his right to sue on February 5, 2026, from the EEOC attached an exhibit to this Complaint.

## VI. PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs, injunctive relief, interest, a jury trial, and all other relief the Court deems just and proper.

DATED February 13, 2026.

Respectfully submitted,

/s/ Elizabeth D. Tate

Attorney for Plaintiff Quentin Birch

## Requested Relief

Plaintiff requests:

    a.  Compensatory damages

    b.  Lost wages and earning capacity

    c.  Emotional distress damages

    d.  Punitive damages

    e.  Attorney's fees where allowed

    f.  Pre and post judgment interest

All other relief the Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

Respectfully submitted this February 13, 2026,

/s/ Elizabeth D. Tate

_____

Elizabeth D. Tate

6